# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40552
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2014

Lyle W. Cayce
Clerk

TONY STRICKLAND,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-189

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Tony Strickland, Texas inmate # 1364993, appeals from the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for aggravated robbery. This court granted Strickland a certificate of appealability (COA) on the issue of whether his trial attorney was ineffective for failing to object to Terry Moore's assertion of his Fifth Amendment right

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not to testify.  Strickland's motion to strike the respondent's brief as untimely is DENIED.

On appeal, Strickland argues that his counsel's failure to object to Moore's assertion of his Fifth Amendment right not to testify was unreasonable because counsel knew that Moore possessed exculpatory evidence.  He contends that the state habeas court's reliance on counsel's affidavit stating that his actions were trial strategy was an unreasonable determination of the facts and that counsel's deficient performance prejudiced him because it precluded him from eliciting at least some exculpatory evidence and deprived him of his Sixth Amendment right to compulsory process.  We do not address Strickland's claim that counsel was ineffective for failing to request an adverse inference instruction because that issue is outside the scope of the COA granted to Strickland.  *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011).

We review the district court's findings of fact for clear error and its conclusions of law de novo, applying the same standard of review that the district court applied to the state court decision.  *Roberts v. Thaler*, 681 F.3d 597, 603-04 (5th Cir. 2012).  Strickland is not entitled to habeas relief on a claim that was adjudicated on the merits by a state court unless the state court's decision (1) was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court or (2) "was based on an unreasonable determination of the facts in light of the evidence in the state court proceeding."  28 U.S.C. § 2254(d)(1) & (2).  The state court's determination of a factual issue must be presumed correct, unless the petitioner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The state court's denial of relief on a claim that counsel rendered ineffective assistance is measured against the standard set forth in *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984), which requires that Strickland show both deficient performance by counsel and resulting prejudice. *Williams v. Thaler*, 684 F.3d 597, 604 (5th Cir. 2012). "Surmounting *Strickland*'s high bar is never an easy task." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal quotation marks and citation omitted). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* (internal quotation marks and citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

A witness's Fifth Amendment privilege exists when the witness has "reasonable cause to apprehend danger from a direct answer." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "It is for the court to say whether his silence is justified . . . and to require him to answer if it clearly appears to the court that he is mistaken." *Id.* (internal quotation marks and citation omitted). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87. Thus, when appraising the invocation of the Fifth Amendment privilege, the trial judge "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." *Id.* at 487 (internal quotation marks and citation omitted).

In this case, the trial judge was already familiar with Moore as a witness as Moore had testified at Strickland's first trial. Had Moore testified in favor

3

No. 13-40552

of Strickland in a manner that rendered his testimony at Strickland's first trial false, Moore could have been prosecuted for perjury. *See Butterfield v. State*, 992 S.W.2d 448, 459 (Tex. Crim. App. 1999); TEX. PENAL CODE ANN. § 37.02. Although the questions asked of Moore did not per se risk perjury, they served to demonstrate that Moore intended to invoke his Fifth Amendment privilege. Moreover, the prospect of being prosecuted for perjury is a legitimate basis for asserting the Fifth Amendment privilege. *United States v. Balsys*, 524 U.S. 666, 713 (1998). Thus, counsel arguably had no reason to object to Moore's invocation of the Fifth Amendment. Further, insofar as Moore was a witness for the prosecution, his invocation of the Fifth Amendment during the State's presentation of evidence ostensibly inured to Strickland's benefit. Counsel attested that for this reason he strategized not to object.

Given the context in which Moore invoked his Fifth Amendment privilege, counsel's attestations as to trial strategy, and the doubly deferential standard of review that we must apply, we conclude that Strickland has not met his burden of showing that the state habeas court unreasonably determined the facts surrounding his claim or that it unreasonably applied *Strickland* when it denied his claim that counsel was ineffective. *See Richter*, 131 S. Ct. at 786-88; *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Strickland,* 466 U.S. at 687-91, 697; *Hoffman*, 341 U.S. at 486. Accordingly, we AFFIRM the district court's denial of habeas relief.